IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| ARFIENIA M. FOSTER, | : | |
| | : | Civil No. 16-5299 (RBK) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| NANCY A. BERRYHILL, | : | |
| ACTING COMMISSIONER OF SOCIAL | : | |
| SECURITY | : | |
| | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the appeal of Arfienia M. Foster ("Plaintiff") for review of the final determination of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

**I. BACKGROUND**

On December 4, 2012, Plaintiff applied for SSD and SSI because she suffered from multiple sclerosis and obesity. Administrative Record ("Rec."), Ex. 1D at 203; Ex. 2D at 205 (Doc. No. 5-5). Plaintiff alleged disability as of November 19, 2012 and she is insured for SSDI through December 31, 2018. Rec., Ex. 1D at 203; Plaintiff's Brief ("Pl.'s Br.") at 1 n.1 (Doc. No. 8). Plaintiff's initial application was denied on May 31, 2013 and denied on reconsideration on August 23, 2013. Rec., Ex. 3B at 140-45; Ex. 5B at 148-52 (Doc. No. 5-4). Plaintiff filed requests for hearings before an Administrative Law Judge ("ALJ") on October 21, 2013 and

October 29, 2013. Rec., Ex. 6B at 153; Rec., Ex. 7B at 154-55. A hearing was held before an ALJ on June 4, 2015, and the ALJ denied Plaintiff's claims on September 2, 2015. Rec. at 10, 31 (Doc. No. 5-2). Plaintiff submitted a request for review to the Appeals Council on September 18, 2015. *Id*. at 8-9. The Appeals Council denied Plaintiff's request for review on July 1, 2016, which made the ALJ's determination the final decision of the Commissioner. *Id*. at 1-5. Plaintiff filed the instant complaint on February 1, 2016. (Doc. No. 1).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ used the established five-step process to determine whether Plaintiff was disabled. *See* 20 C.F.R. § 404.1520; ALJ Op. at 14-15. For the first four steps of the evaluation process the claimant has the burden of establishing her disability by a preponderance of the evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 611-12 (3d Cir. 2014). First, the claimant must show that she was not engaged in "substantial gainful activity" for the relevant time period. *See* C.F.R. § 404.1572 (defining "substantial gainful activity"). Second, the claimant must demonstrate that she has a "severe medically determinable physical and mental impairment" that lasted for a continuous period of at least 12 months. *See* C.F.R. § 404.1520(a)(4)(ii) (explaining second step); 20 C.F.R. §404.1509 (setting forth the duration requirement). Third, either the claimant shows that their condition is one of the Commissioner's listed impairments, demonstrating that she is disabled and entitled to benefits, or the analysis proceeds to step four. 20 C.F.R. § 404.1420(a)(4)(iii) (explaining the third step); see also 20 C.F.R. Pt. 404, Subpt. P., App'x 1. Fourth, if the condition is not equivalent to a listed impairment, the claimant must show that she cannot perform her past work, and the ALJ must assess the claimant's residual

functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv) (explaining the fourth step); 20 C.F.R. § 404.1520(e) (same). If the claimant meets her burden, the burden shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612. At the fifth and final step, the Commissioner must establish that other available work exists that the claimant is capable of performing based on her RFC, age, education, and work experience. *Id.*; 20 C.F.R. § 404.1520 (a)(4)(v) (explaining the fifth step). If the claimant can make "an adjustment to other work," she is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 19, 2012. ALJ Op. at 15. The ALJ then found that Plaintiff was severely impaired by her multiple sclerosis and obesity. *Id.* at 16. At the third step, the ALJ held that Ms. Foster's impairments did not meet or medically equal the severity of the Act's listed impairments. *Id*. The ALJ found that Plaintiff did not have disorganization of motor function, visual or mental impairment, and lacked significant, reproducible fatigue of motor function with substantial muscle weakness on repetitive activity. *Id.* At the fourth and fifth steps, the ALJ found that Plaintiff had the RFC to perform sedentary work with certain restrictions as defined in 20 C.F.R. 404.1567(a) and 416.967(a). *Id.* The ALJ noted that Plaintiff was unable to perform any past relevant work, but there were other jobs Plaintiff could perform in light of her age, education, work experience, and RFC. *Id.* at 25. Based on these findings, the ALJ held that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act from November 19, 2012, the alleged onset date, through September 2, 2015, the date of decision. *Id*.

## II. STANDARD OF REVIEW

When reviewing the Commissioner's final decision, this Court is limited to determining whether the decision was supported by substantial evidence, after reviewing the administrative

record as a whole. *Zirnsak*, 777 F.3d at 610 (citing 42 U.S.C. §405(g)). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel,* 225 F.3d 310, 316 (3d Cir. 2000). The oft-used description for this standard is that substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *See*, *e.g.*, *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartanft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

Upon review, this Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). This Court must set aside the Commissioner's decision if they did not take into account the entire record or failed to resolve an evidentiary conflict. *Schonewolf v. Callahan*, 972 F. Supp. 277, 284-85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). Evidence is not substantial if "it really constitutes not evidence but mere conclusions," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114). A district court's review of a final determination is a "qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham." *Kent*, 710 F.2d at 114.

### III. DISCUSSION

The ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act at any point during the relevant time period, and was therefore not entitled to SSD

or SSI benefits. ALJ Op. at 26. Plaintiff claims (1) that the ALJ failed to properly weigh the medical evidence of record, specifically the opinions of Plaintiff's treating neurologist and her treating physician, and (2) that the ALJ failed to properly evaluate Plaintiff's credibility. Pl.'s Br. at 1.

This Court finds for the reasons expressed below that the Commissioner's denial of Plaintiff's SSD and SSI benefits is supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed.

**A. The ALJ's Weighing of Medical Opinions**

Plaintiff contends that the ALJ erred by only giving "some weight" to the opinion of her treating neurologist, Dr. Thavapalan, and by giving "little weight" to the opinions of her treating physician, Dr. Renza. *Id.* at 14. The relevant regulations state that an ALJ will give controlling weight to a treating source's opinion if "it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R §§ 404.1527(c)(2), 416.927(c)(2). The Third Circuit has clearly stated that an ALJ can only reject a treating physician's opinion outright "on the basis of contradictory medical evidence, but may afford a treating physicians opinion more or less weight depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citing *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985)).

Plaintiff argues that Dr. Thavapalan's medical opinion was not given appropriate weight. Pl.'s Br. at 13-14. Dr. Thavapalan began treating Ms. Foster on November 26, 2016. *Id.* at 3. After an MRI and multiple examinations, Dr. Thavapalan opined that Plaintiff was able to sit four hours total and was able to stand or walk two hours total in an eight-hour workday. *Id.* at 4-5 (citing Rec. at 335). Dr. Thavapalan further noted that Plaintiff would need to get up and move

5

every twenty to thirty minutes and would frequently be able to lift five and occasionally ten pounds. *Id.* (citing Rec. at 335-36). In assigning "some weight" to Dr. Thavapalan's medical opinion, the ALJ assigned great weight to Plaintiff's ability to occasionally lift and carry ten pounds and her sedentary work ability. ALJ Op. at 24. However, the ALJ found that Dr. Thavapalan's standing and sitting restrictions were not consistent with Plaintiff's treatment history, the "mild findings in her MRI", and Plaintiff's description of her daily activities. *Id.* at 24. The ALJ also noted that Dr. Thavapalan performed little treatment for Plaintiff and "his conclusions are not proportionate to the mild findings in her MRI." *Id.*

The Court notes that the ALJ considered the Plaintiff's activities, such as caring for her young daughter, performing chores, shopping in stores, and attending church, and found that these activities contradicted Dr. Thavapalan's conclusions. Accordingly, the Court finds that the ALJ's decision to give "some weight" to Dr. Thavapalan's opinions was supported by substantial evidence.

Plaintiff also argues that the ALJ did not give Dr. Richard Renza's medical opinion adequate weight. Pl.'s Br. at 14. Dr. Renza opined that Plaintiff requires a very restrictive lifestyle, stating that she could sit for four hours and stand for less than one hour in an eight-hour workday. ALJ Op. at 24. The ALJ found Dr. Renza's opinion to be contrary to the totality of the medical evidence. *Id.* The ALJ noted that Dr. Renza is not an expert in vocational training and occupational health, and he relied heavily on Plaintiff's subjective complaints regarding her impairments. *Id*. at 24-25.

As stated above, this Court does not review the evidence *de novo*; the Court simply looks to see if the ALJ's decision is supported by substantial evidence. *Zirnsak*, 777 F.3d at 610 (citing 42 U.S.C. §405(g)). The ALJ cites Plaintiff's activities in her home life and treatment options

that Plaintiff decided to pursue as evidence Plaintiff was not as impaired as Dr. Renza concluded. ALJ Op. at 22-24. The ALJ also gave Dr. Renza's opinion little weight based on the contradictory opinions of state medical examiners and consultants. *Id.* The state examiner opinions support the ALJ's determination that Plaintiff could stand and walk for three hours and sit for six hours in an eight-hour workday performing sedentary work. *Id*. at 16.

Plaintiff argues that the ALJ erred by giving government's medical consultants' opinions significant weight. Pl.'s Br. at 15 (citing *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357 (3d Cir. 2008)). She contends that the ALJ improperly gave more weight to these consultants (who did not personally examine the claimant) than to Plaintiff's treating physicians. *Id*. Plaintiff's reliance on *Brownawell* is misplaced. This Court has held that "[a] report submitted by a non-examining physician ordinarily does not constitute 'substantial evidence' of a claimant's work-related capabilities when it is contradicted by a well-supported report submitted by a treating physician." *Fry v. Astrue*, 09-747, 2010 WL 2891493, at *7 (D.N.J. July 21, 2010) (citing *Brownawell*, 554 F.3d at 357). In the instant case, the ALJ noted substantial evidence that the opinions of Dr. Thavaplan and Dr. Renza were not well supported because they were inconsistent with the medical record as a whole. ALJ Op. at 22-24. Accordingly, the ALJ did not err by giving great weight to the state agency opinions over the opinions of Drs. Thavapalan and Renza.

To the extent that Plaintiff contends the ALJ erred by not requesting an updated report from Dr. Jack DiMarco, the Court is aware of no rule or precedent requiring the ALJ to do so. The Third Circuit has stated that an "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Thompson v. Halter*, 45 F. App'x 146, 149 (3d

Cir. 2002). There is nothing to suggest that the ALJ did not have adequate information to make her decision regarding Plaintiff's disability. Therefore, the ALJ did not err when she did not request an updated report from Dr. DiMarco.

**B. The ALJ's Evaluation of Plaintiff's Credibility**

Plaintiff contends that the ALJ's determination of her credibility was not supported by substantial evidence. Pl.'s Br. at 21. The ALJ found that Plaintiff did not experience pain and discomfort to the extent she claimed. ALJ Op. at 21. An ALJ must consider whether the claimant has an impairment that could produce their alleged pain and other symptoms, and then determine if and how the intensity, persistence, and limiting effects of the symptoms impact on the claimant's ability to work. SSR 96-7p, 1996 WL 374186 (July 2, 1996). The ALJ first found that Plaintiff did have the severe impairments of multiple sclerosis and obesity. ALJ Op. at 16. She then found that these impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1 because Plaintiff lacked disorganization of motor function or the visual or mental impairment described under sections related to sense or mental impairment. *Id.* After examining the medical evidence, the ALJ found that Plaintiff's pain and symptoms were not as severe as Plaintiff claimed, and that she would be able to work at a sedentary level. ALJ Op. at 21.

Plaintiff claims that the ALJ's credibility determination was not supported by substantial evidence. Pl.'s Br. at 21. In her decision the ALJ examined evaluations by Drs. DiMarco & Thavapalan regarding Plaintiff's symptoms, the effectiveness of Rebif injections for controlling Plaintiff's symptoms, Plaintiff's household activities, and Plaintiff's self-employment income as evidence that Plaintiff's pain and symptoms were not as severe as described. ALJ Op. at 20-22. Plaintiff argues that the ALJ should not have based her decision of disability on testimony

8

regarding Plaintiff's daily activities. Pl.'s Br. at 22 (citing *Frankenfield v. Bowen,* 861 F.2d 405, 408 (3d Cir. 1988)). Plaintiff's reliance on *Frankenfield* is misplaced. The ALJ in *Frankenfield* disregarded medical opinions supported by the medical evidence in favor of testimony regarding the Plaintiff's daily activities in making their disability determination. *See Frankenfield*, 861 F.2d at 408. Furthermore, this Court has previously stated that discussion of a claimant's daily activities does not offend *Frankenfield* where the ALJ "discusse[s] Claimant's daily tasks not to definitively determine Claimant's disability but because they speak to the issue of credibility in that Claimant's pain is not as incapacitating as he has at times alleged." *Serbouti v. Comm'r of Soc. Sec.*, 11-4217, 2012 WL 3229157, at *11 (D.N.J. Aug. 6, 2012). As discussed above, the ALJ in the instant case analyzed medical opinions from treating physicians that are inconsistent with the medical record. The ALJ also discussed Plaintiff's daily activities as they relate to the credibility of Plaintiff's claimed pain and suffering. The ALJ did not rely on Plaintiff's daily activities as a definitive factor in her disability determination. Therefore, the Court concludes that the ALJ did not err by considering Plaintiff's daily activities.

Beyond the daily activities argument, Plaintiff simply recites evidence, claims, and opinions that she believes the ALJ gave too much or too little weight. Pl's Br. at 21-22. It is not this Court's place to reweigh the evidence presented to the ALJ; the Court need only consider whether the ALJ's decision is supported by substantial evidence. *Fargnoli*, 247 F.3d at 38 (citing *Hartanft*, 181 F.3d at 360). In light of the above analysis, the Court finds that the ALJ's determination regarding Plaintiff's credibility was supported by substantial evidence.

## IV. CONCLUSION

For the reasons discussed above, the decision of the Commissioner is **AFFIRMED**.


Dated:  6/30/2017                                           s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Court Judge